1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

BANK OF AMERICA, N.A. SUCCESSOR )
BY MERGER TO BAC HOME LOANS )
SERVICING, LP FKA COUNTRYWIDE )       Case No.: 2:16-cv-01327-GMN-VCF
HOME LOANS SERVICING, LP, )

5

6                              )                         **ORDER**
               Plaintiff, )

7        vs.                   )
                              )

8   CANYON WILLOW TROP OWNERS' )
ASSOCIATION; VAN N. KABZENELL; )

9   AND NEVADA ASSOCIATION SERVICES, )
INC., )

10                              )
                              )

11              Defendants. )
                              )

12

13            Lenders and investors have been at odds over the legal effect of a homeowners'

14   association's ("HOA") nonjudicial foreclosure of a superpriority lien on a lender's first trust

15   deed pursuant to Nevada Revised Statutes § 116.3116. *See Freedom Mortg. Corp. v. Las Vegas*

16   *Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1180 (D. Nev. 2015).  The Nevada Supreme Court

17   seemed to have settled the debate in *SFR Invs. Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419

18   (Nev. 2014), holding that "NRS 116.3116(2) gives an HOA a true superpriority lien, proper

19   foreclosure of which will extinguish a first deed of trust."  *SFR*, 334 P.3d at 419.

20            However, on August 12, 2016, two members of a Ninth Circuit panel held in *Bourne*

21   *Valley Court Trust v. Wells Fargo Bank* that Chapter 116's nonjudicial foreclosure scheme

22   "facially violated mortgage lenders' constitutional due process rights" before it was amended in

23   2015. *Bourne Valley Ct. Trust v. Wells Fargo Bank*, 2016 WL 4254983, at \*5 (9th Cir. Aug. 12,

24   2016).  As a result, *Bourne Valley* is likely dispositive of this and the hundreds of other

25   foreclosure cases pending in both state and federal court.  To save the parties from the need to

1    invest resources briefing the effect of the *Bourne Valley* opinion before the finality of that

2    opinion has been determined, the Court **STAYS** all proceedings in this case pending exhaustion

3    of all appeals of *Bourne Valley*.

## I.    LEGAL STANDARD

5         "[T]he power to stay proceedings is incidental to the power inherent in every court to

6    control the disposition of the causes of action on its docket with economy of time and effort for

7    itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "A trial

8    court may, with propriety, find it is efficient for its own docket and the fairest course for the

9    parties to enter a stay of an action before it, pending resolution of independent proceedings

10   which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir.

11   1979).  In deciding whether to grant a stay, a court may weigh the following: (1) the possible

12   damage which may result from the granting of a stay; (2) the hardship or inequity which a party

13   may suffer in being required to go forward; (3) the orderly course of justice measured in terms

14   of the simplifying or complicating of issues, proof, and questions of law which could be

15   expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

16   However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside

17   while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299

18   U.S. at 255.  A district court's decision to grant or deny a *Landis* stay is a matter of discretion.

19   *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.

20   2007).

## II.    DISCUSSION

22        At the center of this case are the HOA-foreclosure sale conducted pursuant to Nevada

23   Revised Statutes § 116.3116 and the competing arguments that the foreclosure sale either

24   extinguished the bank's security interest under the *SFR* holding or had no legal effect because

25   the statutory scheme violates due process.  Because the Ninth Circuit in *Bourne Valley* held that

the scheme was facially unconstitutional, *see Bourne Valley*, 2016 WL 4254983, at \*5, the

*Bourne Valley* opinion and any modification of that opinion have the potential to be dispositive

of this case.  Under this circumstance, the *Landis* factors weigh strongly in favor of staying this

action pending final resolution of the *Bourne Valley* decision.  Indeed, the possible prejudice to

the parties is minimal as the only potential harm is that the parties may wait longer for

resolution of this case if it is stayed.  However, if this case is not stayed, a delay would also

result from any motions for reconsideration that may be necessitated if the current decision in

the *Bourne Valley* case does not stand.  Accordingly, a stay is not likely to appreciably lengthen

the life of this case.  Further, in the absence of a stay, judicial resources may be unnecessarily

expended to resolve issues which may ultimately be decided by higher courts to which this

Court is bound to adhere.  Because the *Bourne Valley* decision is squarely on point, the orderly

course of justice likewise weighs in favor of a stay.  Accordingly, the Court finds that staying

this action pending final resolution of *Bourne Valley* would be efficient for the Court's own

docket and the fairest course for the parties. *See Leyva*, 593 F.2d at 863.

## III.   CONCLUSION

**IT IS THEREFORE ORDERED** that this case is administratively **STAYED** pending

exhaustion of all appeals of *Bourne Valley Court Trust v. Wells Fargo Bank*, No. 15-15233 (9th

Cir. Aug. 12, 2016).  Once exhaustion occurs, any party may move to lift the stay.  Until that

time, all proceedings in this action are stayed.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** without prejudice

with leave to refile within twenty-one days after the stay is lifted.

**IT IS FURTHER ORDERED** that Van N. Kabzenell shall care for, preserve, and

maintain the Property.

**IT IS FURTHER ORDERED** that, beginning on April 26, 2017, the parties must file a

joint status report updating the Court on the status of this case every one-hundred and eighty

days.  Along with the joint status report, Van N. Kabzenell shall submit a statement affirming that all expenses necessary to maintain the property, including but not limited to, timely and full payment of all homeowners association assessments, property taxes, and property insurance premiums due and owing or past due at any time during the effective period of this Stay are current and up to date.

**IT IS FURTHER ORDERED** that this Order does not prevent the parties from continuing to engage in settlement conference negotiations with the assistance of the Magistrate Judge.

**DATED** this __26__ day of October, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge